141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce HUFFMAN, Plaintiff-Appellant,
v.
Frank Leon DE MENDOZA, Defendant-Appellee,
v.
Javier Mendoza, Third-party-plaintiff--Appellee.
 No. 97-35207.
D.C. No. CV-95-03071-MRH (CO).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 6, 1998.**
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bruce Huffman appeals pro se the district court's partial grant of summary judgment pursuant to Fed.R.Civ.P. 54(b) in his diversity action seeking relief for defamation by Frank Leon De Mendoza. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Huffman contends that the district court erred in holding that the allegedly defamatory statements in De Mendoza's telegram to the District Attorney for Klamath County, Oregon, were absolutely privileged. He argues that, under Oregon law, De Mendoza had to request an investigation or an initiation of judicial proceedings before an absolute privilege would attach to his defamatory statements. Huffman concludes that at best, De Mendoza's telegram requested a postponement of the sale of his property but never requested criminal proceedings against Huffman, and thus De Mendoza's statements never enjoyed the protection of an absolute privilege.
 
 
 4
 We disagree. The telegram sent by De Mendoza constituted an informal complaint to the District Attorney alleging that Huffman had committed fraud in collecting a debt that De Mendoza owed Huffman. Although it was later interpreted by the District Attorney to pertain to civil, rather than criminal, fraud, fraud can be criminal as well as civil. Under Oregon law, statements made in the course of or incident to a judicial proceeding are absolutely privileged, Wallulis v. Dymowski, 323 Or. 337, 348, 918 P.2d 755 (1996); Ramstead v. Morgan, 219 Or. 383, 387, 347 P.2d 594 (1959), including communications that present a complaint, even informally, to a prosecuting attorney or a magistrate. Ducosin v. Mott, 292 Or. 764, 769, 642 P.2d 1168 (1982); Moore v. West Lawn Memorial Park, 266 Or. 244, 249, 512 P.2d 1344 (1973). Unlike the telegram in Cushman v. Day, 43 Or.App. 123, 131, 602 P.2d 327 (1979), De Mendoza's telegram directly asked the county prosecutor to "stop this injustice." As such, it was a request to initiate official action that is absolutely privileged. Moore, 266 Or. at 249, 512 P.2d 1344.
 
 
 5
 Huffman's argument that a communication that is absolutely privileged somehow loses that character because it was sent in a way that created a risk that third parties would see it is without authority. Accordingly, it affords no basis for reversal.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3